**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                   :
RICHARD SHEPHERD,                  :
                                   :   Civil Action
           Petitioner,             :   06-5283 (JLL)
                                   :
      v.                           :   **O P I N I O N**
                                   :
STATE OF NEW JERSEY, et al.,       :
                                   :
           Respondents.            :
_____:


**APPEARANCES:**

   RICHARD SHEPHERD, Petitioner pro se
   333 Franklin Rd.
   North Brunswick, New Jersey 08902

**LINARES, District Judge**

This matter is before the Court on Richard Shepherd's (hereinafter "Petitioner") application for habeas corpus relief, pursuant to 28 U.S.C. § 2254. Petitioner's application consists of his petition (hereinafter "Petition") and an application to proceed in forma pauperis. This Court grants Petitioner in forma pauperis status and, for reasons discussed below, the Court finds that the Petition must be dismissed for lack of jurisdiction since Petitioner is not "in custody," as required by 28 U.S.C. § 2254.

Page -1-

**BACKGROUND**

Petitioner asserts that, on July 11, 1997, Petitioner was sentenced by the Superior Court of New Jersey to the term of eight years after Petitioner was convicted for endangering the welfare of a child in violation of N.J.S.A. 2C:24-4a.  See Pet. ¶¶ 2-3. Petitioner's term was fully served, and Petitioner was released from confinement.  Petitioner, however, asserts that he is entitled to a writ of habeas corpus since, on July 29, 1999, Petitioner's sentence was amended to include community supervision under the "Megan's Law," New Jersey's sex offender statutes, N.J.S.A. § 2C:7-2, et seq.  See id. ¶ 3.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Thus, a federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets the "in custody" requirement.  Indeed, as the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal habeas corpus jurisdiction." Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972).  "Custody" is defined not only as physical

confinement, but includes circumstances entailing such limitations on a person's liberty as those imposed during parole. See Maleng v. Cook, 490 U.S. 488, 491 (1989); see also Hensley v. Mun. Court, 411 U.S. 345 (1973) (determining that a habeas petitioner released on his own recognizance, who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement).  However, a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. See Maleng, 490 U.S. at 491.

Several circuits have determined that a petitioner is not "in custody" for purposes of 28 U.S.C. § 2254 if petitioner's "restraints" are limited to registration requirements.  For example, in Williamson v. Gregoire, the Ninth Circuit addressed the question of whether a convicted child molester who had finished serving his sentence but was required to register under Washington state law as a sex offender, could be deemed "in custody" for purposes of § 2254.  151 F.3d 1180, 1182 (9th Cir. 1998), cert. denied, 525 U.S. 1081 (1999).  The Williamson Court observed that, while the "in custody" requirement includes liberty restraints such as parole, released on own recognizance, and sentences of a few hours at an alcohol rehabilitation program, collateral consequences such as fines, revocations of licenses, and the inability to vote or serve as a juror are not sufficient to render the person "in

custody." See id. at 1182-83 (citing Maleng, 490 U.S. at 492). The Williamson Court (1) held that the Washington sex offender law was more properly characterized as a "collateral consequence of conviction" rather than a restraint on liberty, see id.; and (2) found that the statute did not place a "significant restraint on [petitioner's] physical liberty." Id. at 1183-84. Furthermore, the registration requirement did not limit petitioner's movement or deny him entry to anywhere he may wished to go, although it may have created "some kind of subjective chill on [his] desire to travel." Id. at 1184. Consequently, the Williamson Court found that "the constraints of this law lack the discernible impediment to movement that typically satisfies the 'in custody' requirement." Id.; see also Leslie v. Randle, 296 F.3d 518, 522-23 (6th Cir. 2002) (reaching same result as Williamson but analyzing Ohio's sexual predator statute); Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999) (reaching same result as Williamson but analyzing California's sex offender registration law); McNab v. Kok, 170 F.3d 1246 (9th Cir. 1999) (reaching same result as Williamson but analyzing Oregon's sex offender registration law); accord Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027 (9th Cir. 2005); Resendiz v. Kovensky, 416 F.3d 952 (9th Cir. 2005); Miranda v. Reno, 238 F.3d 1156 (9th Cir. 2001); Cozzetti v. Ala., 1999 U.S. App. LEXIS 1318 (9th Cir. Jan. 27, 1999).

In a factually similar case, the District of New Jersey

compared the Washington sex offender registration requirements to New Jersey's sex offender registration requirements and found them substantially similar.[1]  See Shakir v. N.J., 2006 U.S. Dist. LEXIS 1322, at *5-6 (D.N.J. Jan. 16, 2006).  There, the court found that the New Jersey sex offender registration requirement did not restrict Petitioner's liberty, in that it did not prevent him from traveling, and did not require him to make appearances before state officials.  See id.  Accordingly, the court adopted the reasoning of the Ninth Circuit in Williamson, and held that although the petitioner was subject to New Jersey's sex offender registration requirements, he was not "in custody" for purposes of § 2254.  This Court agrees.

As such, because the requirement to register ensuing from the New Jersey sex offender statute is merely a collateral consequence to Petitioner's conviction, Petitioner's application does not satisfy the "in custody" requirement of habeas review.  Therefore, Petitioner's Petition should be dismissed for lack of jurisdiction.

---

[1] In particular, the court explained that the Washington sex offender registration statute, analyzed by the Ninth Circuit in Williamson, and the New Jersey sex offender registration statute both provide, in relevant part, that a person convicted of committing any sex or kidnaping offense, or who has been found not guilty of such offense by reason of insanity is required to register with the county sheriff or the municipality. The person is to provide their name, address, date and place of birth, place of employment, crime for which convicted, date and place of conviction, social security number, and fingerprints. There are deadlines to registering, and consequences for failure to register. See Shakir, 2006 U.S. Dist. LEXIS 1322, at *5-6; Wash. Rev. Code § 9A.44.130; N.J.S.A. 2C:7-2, et seq.

Accord <u>Burnhart v. Thatcher</u>, 2006 U.S. Dist. LEXIS 34390 (W.D. Wash. Apr. 18, 2006) (so concluding); <u>Sheikh v. Chertoff</u>, 2006 U.S. Dist. LEXIS 10110 (N.D. Cal. Feb. 23, 2006) (same); <u>D'Amario v. Lynch</u>, 2005 U.S. Dist. LEXIS 41506 (D.R.I. Dec. 29, 2005) (same); <u>Darnell v. Anderson</u>, 2005 U.S. Dist. LEXIS 15125 (N.D. Tex. July 25, 2005) (same); <u>Nevers v. Caruso</u>, 2005 U.S. Dist. LEXIS 8969 (E.D. Mich. May 13, 2005) (same); <u>Lannet v. Frank</u>, 2004 U.S. Dist. LEXIS 15566 (W.D. Wis. Aug. 4, 2004) (same); <u>Strout v. Maine</u>, 2004 U.S. Dist. LEXIS 9635 (D. Me. May 27, 2004) (same); <u>Quair v. Sisco</u>, 359 F. Supp. 2d 948 (E.D. Cal. 2004) (same); <u>In re Mardeusz</u>, 2004 U.S. Dist. LEXIS 4520 (N.D. Cal. Mar. 15, 2004) (same); <u>Bohner v. Daniels</u>, 243 F. Supp. 2d 1171 (D. Or. 2003) (same); <u>Rouse v. Chen</u>, 2002 U.S. Dist. LEXIS 7733 (N.D. Cal. Apr. 19, 2002) (same); <u>Chavez v. Superior Court</u>, 194 F. Supp. 2d 1037 (C.D. Cal. 2002) (same); <u>Rankins v. San Francisco AG</u>, 2001 U.S. Dist. LEXIS 14715 (N.D. Cal. Aug. 31, 2001) (same); <u>Porcelli v. United States</u>, 2001 U.S. Dist. LEXIS 24649 (E.D.N.Y. July 13, 2001) (same); <u>Thomas v. Morgan</u>, 109 F. Supp. 2d 763, 2000 U.S. Dist. LEXIS 12529 (N.D. Ohio 2000) (same); <u>Carson v. Hood</u>, 1999 U.S. Dist. LEXIS 17008 (D. Or. Oct. 26, 1999) (same); <u>Tyree v. Holt</u>, 1999 U.S. Dist. LEXIS 17098 (S.D. Ala. Sept. 10, 1999) (same).

## **CERTIFICATE OF APPEALABILITY**

The Court next must determine whether a certificate of

appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the Petition demonstrates that Petitioner failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Because Petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254, and therefore does not challenge the fact or duration of his confinement, this Court does not have jurisdiction to grant this Petitioner a writ.  Therefore, his Petition for a Writ of Habeas Corpus will be dismissed.

An appropriate order accompanies this opinion.

Date:   November 17, 2006

                                         /s/ Jose L. Linares
                                        JOSE L. LINARES,
                                        UNITED STATES DISTRICT JUDGE